UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00104-MOC-DLH

| | | |
|---|---|---|
| **RONALD WAYNE SPANN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **NORTH CAROLINA DEPARTMENT OF** | ) | |
| **PUBLIC SAFETY** | ) | |
| **FRANK PERRY** | ) | |
| **GEORGE SOLOMON** | ) | |
| **PAULA SMITH** | ) | |
| **NORMA MELTON** | ) | |
| **MICHAEL SLAGLE** | ) | |
| **JAMIE GRINDSTAFF** | ) | |
| **DEXTER GIBBS** | ) | |
| **ROBERT UHREN** | ) | |
| **CHRISTOPHER CRAWFORD,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendants Christopher Crawford's, Dexter Gibbs's, Jamie Grindstaff's, Norma Melton's, North Carolina Department of Public Safety's, Frank Perry's, Michael Slagle's, Paula Smith's, and George Solomon's Motion for Judgment on the Pleadings (#27) and defendant Robert Uhren's Motion to Dismiss (#29). In considering a Rule 12(c) "Motion for Judgment on the Pleadings" courts apply the same standards as a motion made pursuant to Rule 12(b)(6). Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-406 (4th Cir. 2002).

As to the claim of Eleventh Amendment immunity, the court finds that defendant North Carolina Department of Public Safety enjoys immunity from both suit and from defending this action as a matter of law and will dismiss such defendant with prejudice. Neither the State nor it agencies constitute "persons" subject to suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Thompson v. Town of Dallas, 142 N.C. App. 651 (2001). The Eleventh Amendment bars plaintiff's suit for monetary

1

damages against the State of North Carolina and its various agencies. <u>Ballenger v. Owens</u>, 352 F.3d 842, 844-45 (4th Cir. 2003). Governmental or sovereign immunity also prevents the State or its agencies from being sued without its consent or waiver. <u>DeMurry v. N.C. Dep't of Corr.</u>, 195 N.C. App. 485, 492, 673 S.E.2d 374, 380 (2009) (citations omitted). As plaintiff has not alleged that the State of North Carolina has waived its sovereign immunity, the NCDPS will be dismissed.

As to the remaining individual state employee defendants and Dr. Uhren, the court finds that the issues raised under Rule 12 can better be addressed at summary judgment after the close of discovery. The court will deny these motions without prejudice as to defendants reasserting the substantive arguments at that time. Remaining counsel[1] for plaintiff is, however, advised that defendants have raised arguments that bear close consideration inasmuch as: even *proof* of mere medical negligence will not support Section 1983 claims of deliberate indifference to serious medical needs; it is plaintiff's burden to show that he exhausted *available* administrative remedies even if he did not believe they would be effective; and that he was obligated to file claims within the 3-year statute of limitations. Indeed, "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between an inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir.1985). At summary judgment, the court will then consider whatever evidence the parties have been able to discovery on these issues.

**ORDER**

---

1       As it appears that co-counsel for plaintiff has been suspended from the practice of law in North Carolina, the court will terminate Ms. Exum as counsel of record as her admission in this court is dependent on having an active North Carolina State Bar license. *See* 16DHC18 (as retrieved 8/29/2017).

**IT IS, THEREFORE, ORDERED** that defendant North Carolina Department of Public Safety Motion to Dismiss (#27) **GRANTED** in part and such defendant is **DISMISSED** from this action as it enjoys Eleventh Amendment immunity; defendants Christopher Crawford's, Dexter Gibbs's, Jamie Grindstaff's, Norma Melton's, Frank Perry's, Michael Slagle's, Paula Smith's, and George Solomon's Motion for Judgment on the Pleadings (#27) is otherwise **DENIED** without prejudice; and defendant Robert Uhren's Motion to Dismiss (#29) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Mary March Williams Exum is **TERMINATED** as counsel of record for plaintiff in this matter as it appears from the public record of the North Carolina State Bar that her license has been suspended for a term of five years.

Signed: August 29, 2017

Max O. Cogburn Jr
United States District Judge