# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:17 cv 104

| | |
|---|---|
| RONALD WAYNE SPANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff's Counsel—Kristin Harmon Lang's Motion to Withdraw as Attorney [# 54]. In support of the motion, Plaintiff's Counsel states that she has obtained consent from Plaintiff's mother. The motion does not reflect Plaintiff has given written consent to the withdrawal of his attorney. The motion does not show that Plaintiff had any prior knowledge or notice of the proposed withdrawal. Plaintiff's Counsel does not state whether she attempted to contact Defendants' counsel prior to filing her motion to withdraw.

On November 20, 2017, Defendant Uhren filed a Motion to Dismiss for Lack of Prosecution and a Motion to Compel Discovery [# 48]. On December 5, 2017, Plaintiff's Counsel filed her Motion to Withdraw as Attorney. Plaintiff's reply to

the motion to dismiss is due December 7, 2017. Plaintiff's Counsel has yet to reply to the motion.

**Discussion.**

LCvR 83.1(F) states as follows:

> **(F) Withdrawal of Counsel.** In support of a motion, counsel seeking to withdraw shall electronically file *written consent of their client* to their withdrawal which shall become effective, however, only upon court approval. Absent consent of the client, withdrawal may be obtained by electronically filing a motion to withdraw *showing good cause for the withdrawal*. This motion is to include the last known address of the client. Even in the absence of consent, withdrawal may still be allowed upon good cause shown.

LCvR 83.1(F) (emphasis added).

Withdrawal of counsel is also governed under the rules as set forth by the North Carolina Rules of Professional Conduct, specifically Rule 1.16. Plaintiff's Counsel has not referenced the specific provision of the rule under which her motion to withdraw is being made. A review of those rules shows the following would be applicable.

> **RULE 1.16: DECLINING OR TERMINATING REPRESENTATION**
>
> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client; or
>
> (2) the client knowingly and freely assents to the termination of the representation; or

> (7) the representation will result in an unreasonable financial burden or the lawyer or has been rendered unreasonably difficult by the client; or
>
> (9) other good cause for withdrawal exists.
>
> (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by the tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.
>
> (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

After reviewing the record, it appears that withdrawal cannot be accomplished without a material adverse effect on the interest of Plaintiff. There is a pending Motion to Dismiss and Motion to Compel Discovery filed by a defendant. On December 7, 2017, Plaintiff's reply is due. Withdrawing two days before a reply to a motion to dismiss is due would have a material adverse effect on Plaintiff's interests. Two days is inadequate time for Plaintiff to secure another attorney, get that attorney up to speed, and file a reply to a motion to dismiss. The Court notes the obvious harm not replying to a motion to dismiss creates.

Plaintiff's Counsel's Motion to Withdraw does not reflect that Plaintiff knowingly or freely assented to the termination of the representation. Plaintiff's Counsel states that she received consent from Plaintiff's mother, who she claims has

power of attorney. Indeed, the motion does not reflect that Plaintiff has been actually consulted at all about the withdrawal of his attorney. Obtaining consent from the actual party to withdrawal as counsel is a crucial element in both LCvR 83.1(F) and NC RPC 1.16(b)(2). In fact, LCvR 83.1(F) demands written consent. Otherwise, counsel must show good cause for the withdrawal. LCvR 83.1(F).

The continued representation by Plaintiff's Counsel could result in an unreasonable financial burden being placed upon her, however, an attempt to withdraw two days before a response to a motion to dismiss is due must be weighed against allowing such withdrawal.

Plaintiff's Counsel's Motion to Withdraw is five sentences. It contains no showing of good cause as to why she should be allowed to withdraw.

The Court is concerned that Plaintiff's Counsel has not taken steps to the extent reasonably practicable to protect the interest of Plaintiff. The Court cannot find that any notice has been given to Plaintiff, much less reasonable notice. There is no written consent from Plaintiff. There has not been any allowance for the time it will take for plaintiff to employ other counsel, which, as stated, may be extremely difficult upon such short notice. Plaintiff's Counsel has not requested an extension of time to reply.

Based upon the foregoing and weighing all of the factors as set forth under LCvR 83.1(F) and NC RPC 1.16(b), the Court has determined to deny Plaintiff's Counsel's Motion to Withdraw as Attorney.

Therefore, the Court **DENIES** Plaintiff's Counsel's Motion to Withdraw as Attorney [# 54] without prejudice. Counsel for Plaintiff is directed to file a response to the Motion to Dismiss by **December 7, 2017**. If Plaintiff's Counsel can show compliance with LCvR 83.1(F) and RPC 1.16(b)—including notice to and consent of plaintiff, or an attorney makes an appearance on behalf of plaintiff—then Counsel is invited to file a new motion to withdraw addressing the concerns of the Court.

Signed: December 6, 2017

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge