UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00104-MOC-DLH

| | |
|---|---|
| **RONALD WAYNE SPANN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )  ORDER |
| | ) |
| **NORTH CAROLINA DEPARTMENT OF** | ) |
| **PUBLIC SAFETY,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on defendant Robert Uhren's Motion to Dismiss for lack of Prosecution and Motion to Compel Discovery (#48). Plaintiff, who is represented by a member of the Bar of this Court, Kristin Harmon Lang, has not filed a Response within the time provided by Local Civil Rule 7.1. Rather than immediately dismiss the action or impose some other sanction, the Court believes it appropriate to discuss the relevant procedural history of this case and then schedule Defendant Uhren's motions for a hearing.

The Complaint was filed by Mary March Exum on behalf of plaintiff on April 13, 2017. On June 7, 2017, Ms. Exum was suspended from the practice of law by the North Carolina State Bar. See 16DHC18, N.C.S.B. On July 11, 2017, Ms. Lang appeared on behalf of plaintiff, and on August 29, 2017, this Court *sua sponte* terminated Ms. Exum as counsel of record as she no longer possessed a valid North Carolina Bar License, which is necessary for regular admission and continued practice in this Court.

On November 20, 2017, Defendant Uhren filed the instant Motion to Dismiss for lack of Prosecution and Motion to Compel Discovery (#48). Those motions and the supporting briefs

-1-

were filed and served on counsel for plaintiff that same day via ECF. The day after plaintiff's Response to those motions was due to be filed,[1] Ms. Lang filed a Motion to Withdraw from representation of plaintiff. In that motion, Ms. Lang represented that plaintiff's mother, who possessed a power of attorney, had consented to the withdrawal.

On December 6, 2017, Ms. Lang's Motion to Withdraw was denied by Judge Howell, who found that counsel had not complied with provision of the Local Civil Rules[2] requiring that she reflect consultation with the plaintiff,[3] and that withdrawing from representation when a Response was due was not, in any event, appropriate.[4] In denying the request, Judge Howell advised Ms. Lang that plaintiff's Response was due December 7, 2017.[5]

Some four days after the enlarged deadline, no response or request for extension has been filed. The Court has, however, heard from Ms. Janaven Land, plaintiff's mother by way of letter dated December 8, 2017, and received December 11, 2017. Letter (#56). Attached to that letter are copies of what purport to be: a retainer agreement with Ms. Exum; a check for $5,000.00 made out to Ms. Exum; and a letter from Ms. Exum advising her of the upcoming change in representation due to her suspension.[6]

---

1     Members of the Bar of this Court are served via ECF and do not receive the additional three days for filing. Fed.R.Civ.P. 6(e).
2     LCvR 83.1(F).
3     Ms. Lang referenced in her Motion to Withdraw that plaintiff's mother has a power of attorney for plaintiff. That document has not, however, been provided to this Court and the Court notes that the Complaint was brought in plaintiff's name, Rule 17(a), not by a conservator or like fiduciary under Rule 17(c). In any event, paragraph 2(g) of Ms. Exum's Order of Suspension gives this Court some pause in giving effect to a POA in this matter.
4     N.C.R.P.C. 1.16(b)-(d).
5     Even though plaintiff's response was due December 4 under Rule 6(e), Judge Howell generously and quite properly extended that deadline *sua sponte* to December 7, 2017.
6     Neither the letter nor the attachments are "before the Court" as they have not been submitted by counsel in admissible form. They have been placed in the Court file as correspondence from an interested party.

At this point, the Court has come to no conclusions as to why the deadline has been missed and notes well that taking over litigation for a suspended lawyer is difficult and problematic. Putting aside for the moment concerns as to representation, Defendant Uhren substantively seeks dismissal as a sanction for plaintiff's failure to prosecute or participate in discovery. Rule 37(d) requires this Court to impose the least onerous yet effective sanction for failure to participate in discovery and Rule 41(b) provides for involuntary dismissal as a last resort. <u>See</u> <u>Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.</u>, 872 F.2d 88, 92 (4th Cir. 1989). The Court will calendar Defendant Uhren's motions for hearing and Ms. Lang is advised that her presence at that hearing is required.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant Uhren's Motion to Dismiss for lack of Prosecution and Motion to Compel Discovery (#48) be calendared for hearing. The appearance of counsel for Defendant Uhren and counsel for Plaintiff Spann is required.

Ms. Land is welcome to attend the hearing as the Court notes that, by her letter, she is an interested party, and the Clerk of Court is instructed to send Ms. Land a courtesy copy of the notice of the hearing and this Order.

Signed: December 11, 2017



Max O. Cogburn Jr.
United States District Judge