# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 CV 104

RONALD WAYNE SPANN,

    Plaintiff,

v.

NORTH CAROLINA DEPARTMENT
OF PUBLIC SAFETY, et al.,

    Defendants.

ORDER

This matter is before the Court on Defendant Robert J. Uhren, Jr., M.D.'s ("Defendant Uhren") Reasonable Expenses Statement [# 51] regarding sanctions. Defendant Uhren previously moved for the imposition of sanctions against Plaintiff for Plaintiff's failure to serve initial disclosures [# 41]. The Court imposed sanctions on Plaintiff for Defendant's Uhren's reasonable expenses including attorney's fees [# 46]. Plaintiff has not responded.

I.    **Background**

On April 13, 2017, Plaintiff filed his Complaint [# 1]. Plaintiff was represented by Mary March Williams Exum ("Exum"). On April 14, 2017, Plaintiff filed his Amended Complaint [# 2]. On July 11, 2017, Attorney Kristin Harmon Lang ("Lang") filed a Notice of Appearance [# 25] stating that she would join Exum in representing Plaintiff. On August 29, 2017, Exum was terminated from Plaintiff's

case because her North Carolina State Bar license had been suspended for five years [# 38]. Thus, Lang became Plaintiff's lead attorney.

On September 14, 2017, the parties filed their Certification of Initial Attorney's Conference [# 39]. September 19, 2017, the Court entered a Pretrial Order and Case Management Plan [# 40] that required the parties to provide Rule 26 initial disclosures on October 4, 2017. All defendants in this case provided Plaintiff's counsel with initial disclosures. Plaintiff's counsel did not.

On October 25, 2017, Defendant Uhren filed his motion to compel Plaintiff's initial disclosures [# 41]. Up until that point, defendants had given Plaintiff's counsel many opportunities to provide initial disclosures without moving for sanctions [## 41, 42, 44, & 45]. On November 16, 2017, the Court ordered that Plaintiff's counsel Lang provide defendants with Plaintiff's initial disclosures by November 23, 2017, and the Court imposed sanctions on Plaintiff's counsel Lang for Defendant's Uhren's reasonable expenses including attorney's fees [# 46]. On November 30, 2017, Defendant Uhren provided the Court with a Reasonable Expenses Statement alongside affidavits from his attorneys [# 51–53]. Plaintiff's counsel Lang has not responded to Defendant Uhren or any other defendant's motions for initial disclosures and sanctions.

On December 5, 2017, Lang attempted to withdraw from the case. On December 6, 2017, the Court denied Lang's motion to withdraw [# 55].

2

## II. Analysis

In general, a party must provide the opposing side its initial disclosures within fourteen days of the parties' Rule 26(f) conference or within the time set by the Court. Fed. R. Civ. P. 26(a)(1)(C). The purpose of Rule 26(a)(1) is to provide for the disclosure of basic information needed in most every case in order to prepare for trial or make an informed decision as to settlement. Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment.

Where a party fails to comply with the initial disclosure requirements of Rule 26, the Federal Rules of Civil Procedure provide for the imposition of sanctions against the offending party. Specifically, Rule 37(b)(2)(A), (C) provides:

> If a party's officer . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), . . . the Court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Plaintiff's counsel Lang was given many grace periods to provide initial disclosures by all defendants [see ## 41, 42, 44, & 45]. Lang has refused to respond to defendants and to the Court's order requiring initial disclosures by November 23, 2017 [# 46].

Upon a review of the relevant legal authority and the entire record in this case, the Court finds that Plaintiff's counsel should be ordered to pay the attorney's fees of Defendant's counsel attributable to the motion to compel [# 41].

3

## III. Legal Standard

In calculating the amount of attorney's fees to award, the Court first determines the lodestar figure by multiplying the reasonable number of hours expended by the reasonable hourly rate. McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013). In determining what constitutes a reasonable number of hours and a reasonable rate, the Court looks to twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Robinson v. Equifax Info. Serv., LLC, 560 F.3d 235, 243-44 (4th Cir. 2009) (internal citation and quotation omitted). As the United States Court of Appeals for the Fourth Circuit has recognized, the initial determination of the lodestar figure may encompass a number of these twelve factors, and the Court need not consider the factor a second time. Boczar, 560 F.3d at 89. Once the Court determines the lodestar figure, the Court then subtracts fees for hours spent on claims that were not successful. Id. at 88; Robinson, 560 F.3d at 244. "Finally, the court should award some percentage of the

remaining amount, depending on the degree of success enjoyed by the plaintiff." Boczar, 738 F.3d at 88 (internal citation and quotation omitted).

## IV. Discussion

In considering the reasonable hours and rates expended by Defendant Uhren's counsel, this Court has considered the affidavits submitted by counsel [# 52, 53]. The Court has also considered the hourly rate of the various attorneys who worked on the motion to compel. Elizabeth P. McCullough's ("McCullough) hourly rate is $230.00, and Kelly S. Brown's ("Brown") hourly rate is $210.00. The Court has also considered the affidavit of attorney Ginger Hunsucker ("Hunsucker") of the law firm Cranfill, Sumner & Hartzog in Raleigh. It is Hunsucker's opinion that the hourly rate of charge of McCullough of $230.00 per hour and the hourly rate of charge of Brown of $210.00 is fair and reasonable for the services of McCullough and Brown in this matter and in this District.

The undersigned has also considered the affidavit of attorney Barrett Johnson ("Johnson") of the law firm of Cranfill, Sumner & Hartzog in Raleigh, North Carolina. It is Johnson's opinion that the hourly rate of $230.00 for McCullough and $210.00 for Brown are fair and reasonable charges for their services in this matter and in this District.

Based upon the foregoing, the undersigned finds that the two hourly

5

rates of $230.00 for McCullough and $210.00 for Brown are each fair and reasonable charges for the services in this matter.

The Court has examined in detail the time spent on the motion to compel as presented by the affidavits of McCullough [# 52] and Brown [# 53]. McCullough has invested 0.9 hours of time for a charge of $207.00 [# 52-2 at 2]. Brown has invested 6.1 hours of time for a charge of $1,281.00 [# 53-2 at 2]. The total of the charges is the sum of $1,488.00. Based upon the Court's experience as a trial attorney, the Court finds Defendant Uhren's counsel would have invested at least 3.0 hours of time in preparing the expense statement and affidavits [# 51, 52, 53] at the minimum charge of $207.00 per hour, which is an additional charge of $621.00. The total lodestar figure of attorney's fees is thus the sum of $1,488.00 plus $621.00, which would equal a total fee of $2,109.00.

Finally, the Court has considered the twelve factors as set forth by the Fourth Circuit in Robinson and Boczar. In making the lodestar determination, the Court has already considered the time and labor expended, the novelty and difficulty of the questions raised by the motion to compel, the skill required to bring a successful motion to compel in Federal Court, counsel's opportunity costs in pressing the motion to compel, the customary fees charged by attorneys practicing in the United States District Court for the Western District

6

of North Carolina, the expenses of counsel, the amount in controversy and the result obtained by the motion to compel, and the reputation and ability of the attorneys involved.

In addition, the Court now considers the attorney's expectations at the outset of the litigation, the time limits imposed by the circumstances, the undesirability of the case within the legal community, and the attorney's fees awarded by the Court in similar cases where it granted motions to compel and awarded fees. The undersigned finds that the hourly fees here are less than those awarded by this Court in other similar cases. Upon consideration of all the factors, the Court finds that an award of $2,109.00 would be fair and reasonable to award Defendant Uhren's counsel based upon their work on the motion to compel. After considering each of the twelve factors, no additional adjustment to the lodestar calculation is required in this case. Accordingly, the Court awards Defendant Uhren's counsel $2,109.00 in fees in this case.

V. **Conclusion**

It is therefore ORDERED and DIRECTED that Plaintiff's counsel shall pay to Defendant Uhren's counsel the sum of $2,109.00 to the firm of Young, Moore & Henderson, PA, no later than ten (10) days following the entry of this order.

*[Signature]*

Title of Signing Officer
United States District Court