UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00104-MOC-DLH

| | | |
|---|---|---|
| **RONALD WAYNE SPANN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY,** *et al.*, | ) ) ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendant Robert Uhren's Motion to Dismiss for Lack of Prosecution and Motion to Compel Discovery (#48). Plaintiff, while a prisoner incarcerated by the State of North Carolina, is represented by an attorney admitted to practice before the Bar of this Court, Kristin Harmon Lang. After the time for filing a response to Defendant Uhren's motions had lapsed, this Court calendared the motions for oral arguments and therein directed that Ms. Lang personally appear. Plaintiff's mother, Ms. Land, was also invited to attend the hearing as the Court noted she was an interested party based on her correspondence (#56).

The Clerk of Court noticed the matter for hearing January 4, 2017, at 10:30 a.m. While Ms. Land and counsel for Dr. Uhren appeared, Ms. Lang failed to appear, seek a continuance of the hearing, or in any manner contact this Court or opposing counsel.

**FINDINGS AND CONCLUSIONS**

**I.     Background**

In this action, plaintiff contends that defendants have been deliberately indifferent to his medical needs while housed at a private state correctional facility. The Complaint was filed by attorney Mary March Exum on behalf of plaintiff on April 13, 2017. On June 7, 2017, Ms. Exum was suspended for five years from the practice of law by the North Carolina State Bar. See 16DHC18, N.C.S.B. On July 11, 2017, Ms. Lang entered her appearance on behalf of plaintiff, and on July 29, 2017, this Court *sua sponte* terminated Ms. Exum as counsel of record as she no longer possessed a valid North Carolina Bar License, which is necessary for continued practice by members of the Bar of this Court.

On October 25, 2017, Defendant Uhren filed a Motion to Compel Initial Disclosures (#41). Counsel for plaintiff did not respond to that motion, which was granted by the magistrate judge, Order (#46), who later awarded defense counsel's fees and costs in bringing that motion. Order (#58). The petition for award of costs and fees was also uncontested by plaintiff's counsel. Similarly, the magistrate judge granted another Motion to Compel Plaintiff's Initial Disclosures (#44) filed by other individual defendants. Order (#47).

On November 20, 2017, Defendant Uhren filed the instant Motion to Dismiss for Lack of Prosecution and Motion to Compel Discovery (#48). The day *after* plaintiff's Response to those motions was due to be filed,[1] Ms. Lang filed a Motion to Withdraw from representation of plaintiff. In that motion, Ms. Lang represented that plaintiff's mother, Ms. Land, possessed a power of

---

1     Members of the Bar of this Court are served via ECF and do not receive the additional three days for filing. Fed.R.Civ.P. 6(e).

attorney for plaintiff and had consented to the proposed withdrawal.[2] On December 6, 2017, Ms. Lang's Motion to Withdraw was denied by the magistrate judge, who found that counsel had not complied with the provision of the Local Civil Rules[3] requiring that she reflect consultation with the actual *plaintiff*,[4] and that withdrawing from representation when a Response was due was not, in any event, appropriate.[5] In denying the request, the magistrate judge advised Ms. Lang that plaintiff's Response was due December 7, 2017.[6]

After the instant motion to dismiss and compel ripened on December 7, this Court reviewed the pending motions in chambers. While it was apparent that Ms. Lang never responded to the dispositive motions filed by Defendant Uhren, the Court did not summarily grant the motions, but, in an abundance of caution, set the motions for hearing and advised Ms. Lang that her presence was required. Order (#57). Review of the docket reveals that the Clerk of Court properly set the hearing for January 4, 2018, and provided counsel for plaintiff with notice.

**II.    The January 4, 2018 Hearing**

At the hearing, Ms. Lang failed to appear. Upon inquiry by the Court as to her whereabouts, neither opposing counsel for Defendant Uhren nor Ms. Land knew where she was or had heard from her. The Court noted that counsel for Defendant Uhren travelled from Raleigh to Asheville to attend the hearing. Ms. Land informed the Court that there had been no

---

[2]    Ms. Land informed the Court during the January 4, 2018, hearing that while Ms. Lang had asked for permission to withdraw, she never agreed to Ms. Lang's withdrawal.
[3]    LCvR 83.1(F).
[4]    Ms. Lang referenced in her Motion to Withdraw that plaintiff's mother has a power of attorney for plaintiff. That document has not, however, been provided to this Court and the Court notes that the Complaint was brought in plaintiff's name, see Fed.R.Civ.P. 7(a), not by a conservator or like fiduciary under Rule 17(c). In any event, paragraph 2(g) of Ms. Exum's Order of Suspension gives this Court some hesitation, pause, and concern in giving any substantive effect to a POA in this matter.
[5]    N.C.R.P.C. 1.16(b)-(d).
[6]    Even though plaintiff's response was due December 4 under Rule 6(e), Judge Howell generously and quite properly extended that deadline *sua sponte* to December 7, 2017.

communication from Ms. Lang and that she had taken matters up with the North Carolina State Bar. She also stated that she had never agreed to Ms. Lang's earlier Motion to Withdraw.

The Court then heard Defendant Uhren on his Motion to Dismiss for Failure to Prosecute. Citing the continued absence of Ms. Lang, counsel asked that the action be dismissed with prejudice as plaintiff had failed to prosecute the action. The Court then expressed its concern with dismissing an action when it was readily apparent that the failure to prosecute was the fault of the attorney. Counsel for Defendant then suggested that based on case law (discussed *infra*), the Court could construct a dismissal without prejudice that would allow the plaintiff an opportunity to pursue claims in the future, but that such course of action was not the defendant's first choice.

### III. Motion to Dismiss for Failure to Prosecute

In considering whether dismissal is appropriate for failure to prosecute, the Court has considered Rule 41(b), Federal Rule of Civil Procedure. Such rule provides for involuntarily dismissal of an action for "failure to prosecute or to comply with these rules or a court order…." The Court of Appeals for the Fourth Circuit has repeatedly noted that such involuntary dismissal with prejudice is a "harsh" result and must be employed with caution.

> We have noted that involuntary dismissal under Rule 41(b) "is such a harsh sanction ... [that] it should be resorted to only in extreme cases." McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir.1976) (quotation marks omitted). We thus require a district court to consider four factors when deciding whether to involuntarily dismiss an action for attorney misconduct. Id. First, the court must consider the "degree of personal responsibility on the part of the plaintiff." Id. Second, it must determine the "amount of prejudice to the defendant." Id. Third, it must look to the record to see if it indicates "a drawn out history of deliberately proceeding in a dilatory fashion." Id. Finally, the court must consider whether "sanctions less drastic than dismissal" will be effective. Id.

Richardson v. Boddie-Noell Enterprises, Inc., 2003 WL 22429534, at 4 (4th Cir. Oct. 27, 2003).[7] Further, the appellate court has instructed that the "test for dismissal pursuant to Rule 41(b) is similar to that for Rule 37," and that "before a dismissal a court must give a plaintiff a "clear and explicit" warning of the consequences of failing to satisfy the court's conditions and orders," and that "dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith." Berry v. South Carolina Dept. of Social Services, 1997 WL 499950, at 6 (4th Cir. 1997). The Court considers the Rule 37(e) sanction of dismissal with prejudice as one of last resort. The Court further notes that the 2015 revisions to Rule 37(e) emphasizes that any sanction should be proportionate to the alleged misconduct.

First, the Court determines that adequate notice has been provided to plaintiff inasmuch as Defendant Uhren filed a motion making clear that dismissal was being sought for failure to prosecute. In its earlier Order this Court pointed out the possibility of dismissal and calendared the Motion to Dismiss for hearing to afford plaintiff and Ms. Lang an additional opportunity to respond. Thus, it appears that the notice requirement has been satisfied.

Next, the Court has considered whether dismissal is an appropriate resolution. In making that determination the Court has considered the four Boddie-Noell factors.

First, the Court has considered the "degree of personal responsibility on the part of the plaintiff." Id. There simply is no showing that plaintiff has any culpability in the matter, other than in hiring attorneys who were unable to do the work required to pursue a federal case. Under the first factor, plaintiff is without fault.

---

[7] Due to the limits of CM/ECF, copies of unpublished opinions are incorporated herein by reference to the Westlaw citation.

Second, the Court must determine the "amount of prejudice to the defendant." Id. Here, Defendant Uhren has shown that it has been unable to receive from counsel for plaintiff very basic discovery: responses to requests for production of documents and answers to interrogatories. In his motion, defendant details the efforts he took in attempting to work with Ms. Lang before moving to compel production. Clearly, where a defendant -- called upon to defend a civil rights action -- cannot get discovery or even a response to courtesy calls or emails, that party is severely prejudiced not just in the defense of the claim, but in footing the costs of litigation which counsel for plaintiff has apparently abandoned.

Third, the Court must look to the record to see if it indicates "a drawn out history of deliberately proceeding in a dilatory fashion." Id. As mentioned above, counsel for plaintiff has created for the Court and the parties a morass and Ms. Lang's lack of diligence has resulted in other defendants herein having to move to compel discovery and seek their costs and fees. Clearly, Judge Howell's orders compelling discovery and sanctioning Ms. Lang – coming well before the hearing on these motions – had so little impact on Ms. Lang that she failed to appear at a hearing at which her presence was required by a court Order. Thus, the Court concludes that counsel for plaintiff has "deliberately proceeded in a dilatory fashion," which is at this point a generous characterization.

Fourth and finally, the Court must consider whether "sanctions less drastic than dismissal" will be effective. Most of the tools available for a Court to compel compliance by a party or the party's attorney are forged on a premise that the party or the attorney wants the case to proceed to a merits determination. Here, it is clear that plaintiff's attorney has abandoned the plaintiff, making the panoply of lesser sanctions unavailing.

Having considered the four Boddie-Noell factors, it appears that dismissal is the only effective sanction available. However, without tempering, outright dismissal would simply be too harsh a remedy as plaintiff appears blameless and the Court believes that a dismissal without prejudice is the fairest approach.

The Court has found guidance in the well-reasoned decision of a colleague in Hopkins v. J.C. Penney Co., Inc., 227 F.R.D. 347 (D. Kan. Nov. 19, 2004), which fashioned a dismissal without prejudice where the client was blameless. Unlike this case, counsel for plaintiff in Hopkins took personal responsibility for the failures in that case. While the Hopkins court placed five conditions on refiling, this Court will only adopt one of the five inasmuch as the other conditions would be too onerous on an incarcerated person who has no source of income. Further, due to the lack of participation by plaintiff's counsel, the Court is not confident that plaintiff's counsel ever communicated defendant's discovery requests to him.

Tempering the sanction further, the Court will give Ms. Lang one last bite at the apple by staying the dismissal for 40 days in hopes that whatever has gone wrong in her practice was transient and can be worked out. Specifically, Ms. Lang is granted leave to show cause within 40 days in this action why the action should not be dismissed as discussed herein. The suspension from practice (discussed in the following paragraph) will be lifted for that purpose.

**IV.     Sanctions against Attorney Lang**

The Court must now turn to the most unpleasant task of what to do about Ms. Lang. She is a member of the Bar of this Court and, as such, has agreed to follow the Rules of Professional Conduct, the Rules of this Court, and obey lawful Court orders. By her actions and, more particularly, her inactions, Ms. Lang has placed in jeopardy the legal interests of her client, Mr.

Spann. While the Court believes that it has done all that it can to salvage those interests, the record before the Court gives it reason to believe that Ms. Lang has abandoned the client, failed to respond to dispositive motions, failed to participate in mandatory disclosure and discovery procedures, and failed to attend a hearing that she was specifically directed to attend.

Based on the record before it, this Court finds probable cause to believe that Ms. Lang has violated the North Carolina Rules of Professional Conduct, including but not limited to Rules 1.1 (Competence), 1.3 (Diligence), 3.2 (Expediting Litigation), 3.3 (Candor with the Tribunal), and 3.4 (Fairness to the Opposing Party). To protect other members of the public, an Order is being entered in 1:18mc1 immediately suspending Ms. Lang from the practice of law before the United States Court for the Western District of North Carolina. The procedures for contesting that Order are outlined in LCvR 83.2(a) (W.D.N.C. Jan. 1, 2018). See In re Kristin Harmon Lang, 1:18mc1.[8]

Finally, Ms. Lang is advised that that neither the potential dismissal of this case nor her suspension from the Bar of this Court ends her obligation to pay the costs and fees of Dr. Uhren as Ordered by Judge Howell.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant Uhren's Motion to Dismiss for lack of Prosecution and Motion to Compel Discovery (#48) is **HELD IN ABEYANCE** for 40 days. Ms. Lang is advised to take immediate remedial action or this action will be dismissed without

---

8 As it appears that Ms. Lang is also presently counsel of record for a party in *Source.Auction, LLC v. Farkas*, 3:17cv185, the Clerk of Court will be instructed to deliver a copy of this Order to the Honorable Robert J. Conrad, Jr., United States District Judge, who is presiding over that ongoing case. Ms. Lang is advised that Judge Conrad retains the inherent authority and discretion to either apply this suspension to that appearance or grant an exception.

prejudice as herein outlined.  The suspension imposed in 1:18mc1 is **LIFTED** for 40 days insofar as necessary to allow Ms. Lang to take prompt remedial action in this matter.

The Clerk of Court is instructed to send a copy of this Order to Judge Conrad for his consideration as noted above in Footnote 8.

Signed: January 5, 2018

Max O. Cogburn Jr.
United States District Judge