UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00104-MOC-DLH

| | | |
|---|---|---|
| **RONALD WAYNE SPANN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **NORTH CAROLINA DEPARTMENT OF** | ) | |
| **PUBLIC SAFETY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on review of its Order (#61) dated January 5, 2018. In that Order, the Court noted, among other matters, its concern with counsel for plaintiff's failure to respond to Defendant Uhren's Motion to Dismiss for Lack of Prosecution and Motion to Compel Discovery (#48), and with counsel's failure to appear at the January 4, 2018, hearing. Rather than dismiss this action, the Court held the matter open for 40 days and allowed counsel for plaintiff an opportunity to take immediate remedial action and lifted the licensure suspension imposed in 1:18mc1 for that purpose.

Review of the docket in this matter reveals that counsel for plaintiff has taken no action in this civil action. Review of the pleadings in 1:18mc1 reveals that counsel has filed a pleading captioned "In Response to Kristin Harmon Lang." In that pleading, she states that on the morning of the hearing in Asheville she called the main number of the Clerk's Office in Charlotte:

> The undersigned was unable to appear at the January 4. 2018, hearing due to illness; however, I called the main number and spoke with Susan (Calkins) at the Western District, Charlotte division and very mistakenly thought that the message would be relayed to the Asheville Division.

Response (#4) at 1 (parenthesis in the original). Upon receipt of that Response, the Court inquired of Ms. Calkins through her supervisor as to whether she received such a call. Such supervisor informed the Court as follows:

> I spoke with Ms. Calkins this morning and she stated that she did not speak to Ms. Lang, nor does she answer the main line for the clerk's office. Even if she happens to be in the Operations section for other business, she states she has never answered their main line.

Email, February 15, 2018. Upon further inquiry, it would appear that after the Court entered its Order on January 5, counsel for plaintiff called the Clerk of Court that same evening and spoke with Deputy Clerk Elizabeth Barton. Counsel told Deputy Barton that she had called the Clerk's Office in Charlotte on January 4 and spoke to "Susan." Deputy Barton then told counsel that the only Susan in that office was Susan Calkins, which explains the parenthetical inclusion of the name "Calkins" in the Response. The Clerk of Court has also informed the undersigned that there is no other Susan employed in the Charlotte Clerk's office in either the district or bankruptcy court.

Putting aside whether a call was made, the Court's overriding concern is with the representation being provided Mr. Spann. In arguing that this civil matter should go forward, counsel for plaintiff states, as follows:

> Mr. Spann truly should not be penalized and such case dismissed due to the recent occurrences. He does deserve legal representation and through his mother, I will do so to the very best of my ability. No justice will be served by denying him such.
> I have spoken very recently with the mother (and power of attorney) of client Spann, and have assured her that if permitted, will definitely and diligently represent her son to the fullest and best of my abilities. She has agreed to my continued representation and to be present at my requested personal appearance in this matter. I have committed to her to give her ample notice of said appearance date upon receipt of same by me.

1:18mc1, Response (#4) at 2. While the Court agrees that Mr. Spann should not be penalized when he is blameless, the Court remains concerned as to whether this case was properly filed in the first instance under Rule 17(c) and whether Mr. Spann is being represented in this matter.

It is troubling that in the response no mention has been made of consultation with Mr. Spann, who remains incarcerated by the State of North Carolina; that no filing has been made by counsel for plaintiff in this matter even though leave was granted to make such a filing and that the basis for representing Mr. Spann is a power of attorney executed in favor of a family member. The Court knows of no impairment which would prevent an attorney from corresponding or meeting with a client who is incarcerated in a North Carolina prison, even one that is privately run. Further, the Court knows of no authority that supports filing an action in federal court by power of attorney, especially when "capacity to sue" is reviewed under Federal Rule of Civil Procedure 17(c).

The North Carolina State Bar found prior counsel's use of powers of attorney with incarcerated clients to be a violation of the Rules of Professional Conduct, as follows:

> (g) by providing a Power of Attorney to W.P. for his signature without first ascertaining whether W.P. wanted or needed the Power of Attorney and/or the representation, Defendant failed to promptly inform the client of any decision or circumstance with respect to which the client's informed consent is required in violation of Rule 1.4(a)(1), and failed to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation in violation of Rule l.4(b)....

In Re Mary March Exum, 16 DHC 18 (N.C.S.B. D.H.C. June 7, 2017), Conclusions of Law at ¶ 2(g).

At this point, the failure to appear at the January 4 hearing is probably the most straight forward issue to resolve. Indeed, the Court believes that counsel may well be able to better explain

what happened in person. Of greater immediate concern in this civil action is that the response in 1:18mc1 makes it fairly clear that Mr. Spann, the actual plaintiff and client, has not been consulted. In light of the Bar finding in Ms. Exum's case, the Court is concerned as to whether Mr. Spann is actually being (or could ever be) represented in accordance with N.C.R.P.C. 1.4(a)(1). Further, the Court is still at a loss as to why counsel for Mr. Spann never filed a response to Defendant Uhren's Motion to Dismiss and Motion to Compel and has made no filing after January 4 despite being granted leave to do so.

The only way the Court knows to resolve these issues is to conduct a second hearing. The Court recognizes that Defendant Uhren is completely without fault in this issue and likely bearing a substantial burden of again appearing through counsel. However, there appears to be no way to resolve the issue without conducting an evidentiary hearing, which requires the presence of not just counsel, but of plaintiff. A Writ of Habeas Corpus Ad Testificandum will issue in accordance with 28 U.S.C. § 2241(c)(5) compelling the State of North Carolina to transport Mr. Spann to this Court for hearing. Ms. Land, who appeared at the last hearing, will also be required to attend. Counsel for plaintiff and Defendant Uhren will be required to attend. Respective counsel are encouraged to meet by phone in advance of the hearing to see if any of these issues can be worked out in advance of the hearing in a collegial manner.

Counsel for plaintiff shall bring with her the Power of Attorney executed by Mr. Spann and be prepared to discuss how such instrument provided Ms. Exum with authority to file this action in light of Rule 17 and how present counsel believes such instrument provides her with authority to represent Mr. Spann now. Finally, counsel for plaintiff is again advised that she has been allowed to file whatever written response she may have to the substantive Motion to Dismiss

and Compel and she is strongly encouraged to make such filing well in advance of the evidentiary hearing so that the Court can address those motions during the upcoming hearing.

## ORDER

**IT IS, THEREFORE, ORDERED** that these matters are **CALENDARED** for an Evidentiary Hearing on March 6, 2018, at 2:00 p.m. in Asheville.  Counsel for plaintiff, counsel for Defendant Uhren, Ms. Land, and plaintiff Mr. Spann shall attend the hearing and the Court will there consider all issues now pending in this civil action.


Simultaneously herewith, the Court has caused to be issued to the State of North Carolina a Writ of Habeas Corpus Ad Testificandum commanding the appearance of Mr. Spann at that hearing.

Signed: February 21, 2018



Max O. Cogburn Jr.
United States District Judge

-5-